OPINION
{¶ 1} This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-appellant, Debra G. Frankart, appeals from two decisions of the Seneca County Court of Common Pleas. The first decision appealed from was the September 10, 2002, denial of her motion pursuant to Civ.R. 60, which requested the trial court to set aside an earlier judgment of May 29, 2002. Appellant also appeals from the trial court's decision and order of September 1, 2002, a decision issued on remand from this Court
 {¶ 3} The pertinent facts and procedural history are as follows. Appellant and plaintiff-appellee, Charles F. Frankart, are parties to a divorce action initiated on November 8, 1999. For purposes of clarity, we will address the parties by their first names. On June 13 and 14, 2000, a hearing was held before the magistrate during which testimony was given and evidence was presented. On July 12, 2001, the magistrate issued his written decision. However, the decision failed to designate a residential parent and failed to order child support. On July 26, 2001, Charles filed a motion for findings of fact and conclusions of law. That same day, the magistrate filed a supplemental decision which recommended that Charles serve as the residential parent, that Debra pay $294.05 per month in child support, and that Debra have liberal visitation with the children. The trial court found that the magistrate's decisions were adequately explained and denied appellant's motion for findings of fact and conclusions of law.
 {¶ 4} In an effort to obtain a transcript, Debra filed a motion requesting an extension of time to file her objections on August 21, 2001. The trial court granted the motion; nevertheless, on September 20, 2001, Debra's objections were filed without attaching a transcript. The following day, Charles filed a motion to strike the objections raised by Debra based on Debra's failure to attach a transcript to her objections. On September 27, 2001, the trial court granted Charles' motion, thus striking all of Debra's objections for failure to attach a transcript and filed the final divorce decree.
 {¶ 5} Debra filed a motion to set aside or otherwise correct the divorce decree. The motion was denied, and Debra appealed.[1] While the appeal was pending, Charles filed a motion on December 17, 2001 requesting judicial interpretation of the divorce decree. Charles' motion claimed, with the support of affidavits, that Debra left the marital home and absconded with marital property, non-marital property and children's property. Charles, therefore, sought judicial involvement in interpreting compliance with the divorce decree. Specifically, Charles requested an offset of the amounts the trial court had found owing from him to Debra. Charles requested a hearing on the matter. Appellant never filed a responsive brief to the motion.
 {¶ 6} Pursuant to the motion, the trial court scheduled the matter for hearing on January 30, 2002. However, the hearing was continued to May 21, 2002 based on the fact that an appeal before this Court was pending. Because of a potential conflict of interest involving the presiding judge, Judge Kelbley, the case did not proceed to a final hearing on May 21, 2002. In a letter dated May 28, 2002, Judge Kelbley requested the Ohio Supreme Court to appoint a visiting judge to preside over the case until its conclusion. The day after making that request and without a hearing, the trial court filed a judgment entry granting the December 17, 2001 motion for judicial interpretation and awarded Charles an offset. No appeal was filed.
 {¶ 7} Effective June 4, 2002, Judge Routson, a judge of the Hancock County Court of Common Pleas, was assigned to the present case. On June 27, 2002, Debra filed a motion pursuant to Civ.R. 60(B)(1) and 60(A) imploring the trial court to set aside the May 29, 2002 judgment. On September 10, 2002, the trial court found Debra's motion without merit.
 {¶ 8} In another judgment entry of the same day, the trial court reconsidered Debra's objections to the magistrate's decision in light of this Court's opinion and remand. The trial court found Debra's objections as related to the allocation of parental rights and responsibilities to be not well taken. The trial court similarly found Debra's objections to certain divisions of equity in real estate without merit.
 {¶ 9} The appellant now appeals asserting three assignments of error for our review.
ASSIGNMENT OF ERROR NO. I
 The trial court erred as a matter of law when it denied Appellant due process of law and equal protection of the law.
 {¶ 10} Pursuant to Civ.R. 60(B)(1), Debra moved the trial court to set aside the judgment entry of May 29, 2002, which granted, without a hearing, Charles' motion for judicial interpretation. Pursuant to Loc.R.5.04, Debra was required to file her response in opposition of Charles' motion for judicial interpretation within seven days.[2] Yet, Debra never filed a responsive brief to Charles' motion.
 {¶ 11} Debra now contends that she was denied the right to present evidence and testimony as to why the motion for judicial interpretation should have been denied. She further claims that she was denied due process of law and equal protection of the law when she was not permitted to present evidence or cross-examine witnesses at a hearing.
 {¶ 12} The Supreme Court of Ohio has determined that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion."[3] An abuse of discretion connotes an attitude that is unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment.[4]
 {¶ 13} Civ.R. 60(B) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect[.]"
 {¶ 14} In order for a court to grant a motion for relief from judgment pursuant to Civ.R. 60(B), "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1),(2), or (3), not more than one year after the judgment, order or proceeding was entered or taken."[5] If any prong of the standard for granting motions brought under Civ.R. 60(B) is unsatisfied, relief shall be denied.[6]
 {¶ 15} In the present case, the trial court found that the second prong of the GTE test was dispositive. Thus, the trial court found that Debra had failed to demonstrate that she was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1). The trial court did not address whether the other two prongs of the GTE test were met. Our review of this judgment, therefore, is limited to whether the trial court abused its discretion in determining that Debra had not demonstrated that she was entitled to relief under Civ.R. 60(B)(1).
 {¶ 16} Although Debra sought relief under Civ.R. 60(B), her motion and its supporting documents did not demonstrate that she was entitled to relief under any of the grounds stated in Civ.R. 60(B)(1). Debra's motion asserted a jurisdictional challenge and claimed that her right to present evidence was violated. On appeal, Debra maintains that because a hearing was not held, she was denied the right to present evidence and testimony as to why the motion for judicial interpretation should have been denied. However, Civ.R. 60(B)(1) permits relief only in cases of "mistake, inadvertence, surprise, or excusable neglect." Neither in her motion for reconsideration nor in her appeal has Debra argued any of these grounds for relief. Therefore, we find that the trial court did not abuse its discretion in overruling Debra's motion for Civ.R. 60(B) relief.
 {¶ 17} Appellant's first assignment of error is overruled.
ASSIGNMENT OF ERROR NO. II
 The trial court erred as a matter of law when it failed to set aside a judgment rendered by Judge Kelbley after Judge Kelbley had sought to recuse himself as a result of a conflict of interest.
 {¶ 18} In her second assignment of error, Debra contends that the court below erred by not setting aside the judgment rendered by Judge Kelbley. Appellant maintains that after Judge Kelbley indicated that he would recuse himself from the proceedings of May 21, 2002, as evidenced by his letter to the assignment coordinator of the Ohio Supreme Court, he no longer had authority to act concerning the case.
 {¶ 19} Debra cites Justice v. Columbus[7] for the proposition that once a judge indicates that he would recuse himself, he no longer has the authority to act concerning the case. The Justice case provides that a judge requesting recusal no longer has the authority to act after the request has been approved by the administrative judge.[8]
 {¶ 20} Applying the holding in Justice to the present case, we find that Judge Kelbley no longer had authority to act once his recusal was approved and Judge Routson was appointed, notably June 4, 2002. Judgment entry on the motion for judicial interpretation was entered on May 29, 2002, which was six days before the recusal was accepted. Thus, Judge Kelbley had the authority to issue the May 29, 2002 decision.
 {¶ 21} Accordingly, the appellant's second assignment of error is without merit and is hereby overruled.
ASSIGNMENT OF ERROR NO. III
 The trial court erred in failing to follow the remand directives of this Court.
 {¶ 22} In her third assignment of error, Debra asserts that the trial court erred when it adopted the magistrate's decision without hearing additional evidence as related to the allocation of parental rights and responsibilities. Appellant also objects to the trial court's adoption of the magistrate's decision concerning the division of equity in the parties' real estate. Appellant, relying on Inman v. Inman,[9]
maintains that when a trial court reviews a magistrate's decision pursuant to Civ.R. 53(E), it must conduct a de novo review of the facts and conclusions contained in the magistrate's decision.
 {¶ 23} We previously remanded this case to the trial court having found that the trial court erred by striking Debra's objections, as they related to parentage and the division of equity in real estate, solely on the basis of there being no transcript filed with the objection. Our opinion asserted that these matters represented questions of law which the trial court could have decided without a transcript. Civ.R. 53(E)(3)(b) only requires a transcript when the objecting party challenges factual findings. If the objecting party asserts errors of law alone, as in the present case, the trial court then has a duty to review the magistrate's decision accepting the magistrate's facts as true and applying the magistrate's law to those facts.[10] Therefore, an appellate court's review where no transcript is provided is limited to whether the trial court abused its discretion in adopting the magistrate's report.[11]
"In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of law to its factual findings constituted an abuse of discretion."[12]
 {¶ 24} With respect to the allocation of parental rights and responsibilities, Debra contends that the trial court merely adopted the magistrate's decision without conducting a de novo review. In its decision, the trial court found that it could not accept Debra's "unsupported assertions" of a change in her children's circumstance as a basis to reconsider the matter. Furthermore, the trial court found that it could find no statute, rule of court or binding precedent which would compel it to hear additional evidence as it related to the allocation of parental rights as established by the magistrate in such circumstances. The trial court also stated that Debra was free to file a motion to modify the allocation of parental rights and responsibilities. Given the trial court's clearly explained basis for its decision, we cannot find that the trial court abused its discretion when it declined to hear additional testimony on the matter of the allocation of parental rights and responsibilities.
 {¶ 25} Regarding the issue of the division of equity in the parties' real estate, Debra asserts that the magistrate's decision does not disclose how the magistrate reached his conclusion. The magistrate determined that Debra's equity in the real estate was valued at $13,896. The trial court in its review of the magistrate's decision reached the same dollar amount by one method and the amount of $13,875 by another method. The second method actually realized a benefit to Debra in the amount of $21. Having reviewed the trial court's reasoning, we conclude that the court's decision was not arbitrary, unreasonable or unconscionable. The decision appealed from was clearly explained, and we, therefore, find that the trial court did not abuse its discretion and correctly followed this Court's directives on remand.
 {¶ 26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and WALTERS, JJ., concur.
[1] See, Frankart v. Frankart (Mar. 28, 2002), Seneca App. No. 13-01-31.
[2] Loc.R. 5.04 provides in relevant part: "* * * Each party opposing a motion, except a motion for summary judgment, shall serve and file within seven (7) days, any response in opposition to the motion."
[3] Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
[4] Blakemore v. Blakemore (1987), 5 Ohio St.3d 217, 219.
[5] GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146,150-151.
[6] Id. at 151.
[7] (Nov. 19, 1991), Franklin App. No. 91AP-675.
[8] Id.
[9] Inman v. Inman (1995), 101 Ohio App.3d 115.
[10] Frankart, supra.
[11] Id.
[12] State ex rel. Duncan v. Chippewa Township Trustees,73 Ohio St.3d 728, 730, 1995-Ohio-272.